IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GRACIELA PEREZ**, on behalf of herself and all other employees similarly situated, known and unknown,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>**EL NORTE, INC.**, an Illinois corporation, **RAUL BENAVIDES**, individually, **CELINDA BENAVIDES**, and **MAURICIO BENAVIDES**, individually,<br><br>　　　　　　　　　Defendants. | Civil Action<br><br><br><br>No.<br><br><br><br><br><br>JURY DEMAND |

## COMPLAINT

By and through her attorneys of record and on behalf of herself and all other employees similarly situated, known and unknown, the plaintiff, **GRACIELA PEREZ**, (the "Plaintiff"), hereby complains of the defendants, **EL NORTE, INC.** ("EL NORTE"), an Illinois corporation, **RAUL BENAVIDES**, individually, **CELINDA BENAVIDES**, individually, and **MAURICIO BENAVIDES**, (collectively the "Defendants"). Pleading hypothetically and in the alternative, the Plaintiff alleges as follows.

### I.　INTRODUCTION

1.　This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiff, and to other similarly situated employees of the Defendants (the "Collective Class"). The Plaintiff routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay her time-and-one-half overtime compensation

for the hours she worked in excess of 40 as the FLSA requires. Upon information and belief, the Defendants failed and refused to pay the Collective Class time-and-one-half overtime compensation for the hours they worked in excess of 40 as well. In Count I, the Plaintiff brings claims pursuant to Section 216(b) of the FLSA.

2. Additionally, the Defendants failed to pay the Plaintiff at least minimum wage for certain hours she worked. Upon information and belief, the Defendants failed and refused to pay the Collective Class at least minimum wage for certain hours they worked as well.

3. In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*. The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

4. Finally, in Counts IV and V, the Plaintiff brings supplemental common law defamation and invasion of privacy claims, stemming from statements made by CELINDA BENAVIDES to the Plaintiff's current employer.

## II. THE PARTIES

5. The Plaintiff is an individual domiciled in Illinois, and resides within the Northern District of Illinois.

6. Upon information and belief, the following individual defendants are domiciled in Illinois and reside within the Northern District of Illinois: a) RAUL BENAVIDES; b) CELINDA BENAVIDES; and c) MAURICIO BENAVIDES.

7. EL NORTE is an Illinois corporation whose registered office is located at 425 Huehl Road, Building 21, Northbrook, IL 60646.

8. Upon information and belief, at certain times relevant to this action, the following individuals are/were officers, directors, members and/or managers of EL NORTE: a) RAUL BENAVIDES; b) CELINDA BENAVIDES; and c) MAURICIO BENAVIDES.

9. Upon information and belief, at certain times relevant to this action, the following individuals hold/held an ownership interest in EL NORTE: a) RAUL BENAVIDES; b) CELINDA BENAVIDES; and c) MAURICIO BENAVIDES.

10. Upon information and belief, at certain times relevant to this action, the following individuals exercise/exercised control over significant aspects of EL NORTE's day-to-day operations: a) RAUL BENAVIDES; b) CELINDA BENAVIDES; and c) MAURICIO BENAVIDES.

### III. JURISDICTION AND VENUE

11. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

12. Supplemental jurisdiction over the Illinois statutory and common law claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

13. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

14. Further, venue is proper pursuant to 28 U.S.C. § 1391, as the Defendants' principal place of business is located within the Northern District of Illinois.

## IV. STATUTORY CONSENT

15. The Plaintiff brings this case as a collective action under the FLSA on behalf of herself and the Collective Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action (attached as group **Exhibit A**).

## V. GENERAL ALLEGATIONS

16. At all times relevant to this action, the Defendants, and each of them, were the Plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

17. At all times relevant to this action, the Defendants, and each of them, were the Plaintiff's "employer", within the meaning of Section 3(c) of the IMWL in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

18. At all times relevant to this action, the Defendants, and each of them, operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA.

19. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

20. At all times relevant to this action, the members of the Collective Class are/were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

21. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(d) of the IMWL.

22. During the course of her employment by the Defendants, the Plaintiff handled goods that moved in interstate commerce including but not limited to perishable food products and canned goods.

23. During the course of their employment by the Defendants, the Collective Class handle/handled goods that moved in interstate commerce including but not limited to perishable food products and canned goods.

24. During the course of their employment by the Defendants, the Plaintiff and the Collective Class were/are not exempt from the minimum wage and maximum hour provisions of the FLSA.

25. During the course of their employment by the Defendants, the Plaintiff and the Collective Class were/are not exempt from the minimum wage and maximum provisions of the IMWL.

26. The Plaintiff was employed by one or more of the Defendants for approximately 8 years, ending on or about April 25, 2009.

27. The Defendants routinely and as a matter of practice and policy required the Plaintiff to work more than 40 hours per week, but then failed and refused to pay her overtime compensation at the requisite statutory rates.

28. Upon information and belief, the Defendants routinely and as a matter of practice and policy require/required the Collective Class to work more than 40 hours per week, but then fail/failed and refuse/refused to pay them overtime compensation at the requisite statutory rates.

## COUNT I
### (Violation of the FLSA)

29. The Plaintiff hereby re-alleges the foregoing allegations.

30. The Defendants violated the FLSA by:

    a. failing to pay the Plaintiff for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate; and

    b. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiff was employed.

31. Upon information and belief, the Defendants violated the FLSA by:

    a. failing to pay the Collective Class for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate; and

    b. failing to pay the Collective Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were/are employed.

32. The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

33. The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the Plaintiff, on behalf of herself and the Collective Class, prays for judgment in her favor and against the Defendants, and each of them, and for the following

relief:

    A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the Defendants failed to pay the plaintiffs at a rate equal to or greater than the FLSA's mandatory minimum rate;

    B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the Defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

    C. statutory liquidated damages as allowed by the FLSA;

    D. interest on all amounts awarded;

    E. attorneys' fees, together with costs of suit and collection;

    F. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

34.     The Plaintiff hereby re-alleges the foregoing allegations.

35.     The Defendants violated the IMWL by:

    a. failing to pay the Plaintiff for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate; and

    b. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiff was employed.

36.     The Defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

37. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendants, and each of them, and for the following relief:

    A. damages in an amount equal to the unpaid minimum wages due and owing to the Plaintiff for each hour the Plaintiff worked, but for which the Defendants failed to pay the Plaintiff at a rate equal to or greater than the IMWL's mandatory minimum rate;

    B. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, but for which the Defendants failed to pay the Plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

    C. statutory punitive damages as allowed by the IMWL;

    D. interest on all amounts awarded;

    E. attorneys' fees, together with costs of suit and collection; and

    F. such further relief as may be fair and just in the premises.

## COUNT III
### (IWPCA and AFWAA claims)

38. The Plaintiff hereby re-alleges the foregoing allegations.

39. The Defendants violated the IWPCA by:

    a. failing to pay the Plaintiff for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate;

    b. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the Plaintiff was employed;

    c. failing to pay the Plaintiff certain wages either weekly or biweekly; and/or

    d. failing to pay the Plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages (including but not limited to overtime compensation) due and owing to the Plaintiff for each hour the Plaintiff worked but for which the Defendants failed to pay the Plaintiff at a rate equal to the regular rate at which the Plaintiff was employed, which rate can in no case be less than the IMWL's minimum rate (and as applicable, one-and-one-half times the regular rate at which the Plaintiff was employed – for those hours over 40 in any given workweek);

B. an order commanding the Defendants to pay the Plaintiff any all unpaid wages (including but not limited to overtime compensation) due and owing to the Plaintiff for each hour the Plaintiff worked but for which the Defendants failed to pay the Plaintiff at a rate equal to the regular rate at which the Plaintiff was employed, which rate can in no case be less than the IMWL's minimum rate (and as applicable, one-and-one-half times the regular rate at which the Plaintiff was employed – for those hours over 40 in any given workweek);

C. interest on all amounts awarded;

D. reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## COUNT IV
### (Defamation – CELINDA BENAVIDES)

40.    The Plaintiff hereby re-alleges the foregoing allegations.

41.    Subsequent to the termination of the Plaintiff's employment by the Defendants on or about April 25, 2009, the Plaintiff obtained a new job at a restaurant called La Chosa Grill.

42. Thereafter, on numerous occasions, CELINDA BENAVIDES telephoned the Plaintiff's manager at La Chosa Grill, Abel, and made defamatory statements to Abel about the Plaintiff. These defamatory statements include but are not limited to:

    a. accusations that the Plaintiff has committed adultery with CELINDA BENAVIDES's husband, and with others; and

    b. accusations that the Plaintiff is likely to steal from La Chosa Grill.

43. CELINDA BENAVIDES continues to telephone Abel at La Chosa Grill and make accusations that are the same or similar to those set referenced above.

44. The accusations referenced above impute that the Plaintiff has committed, or is likely to commit, a criminal offense.

45. The accusations referenced above impute that the Plaintiff suffers from a want of integrity in the discharge of the duties of her employment.

46. The accusations referenced above are false.

47. CELINDA BENAVIDES made, and continues to make, the accusations referenced above with malicious intent to, among other things, interfere with the Plaintiff's employment at La Chosa Grill.

48. As a direct and proximate result of CELINDA BENAVIDES's defamatory statements, the Plaintiff has been damaged in that she has suffered severe humiliation and emotional distress.

49. As a direct and proximate result of CELINDA BENAVIDES's defamatory statements, the Plaintiff has been damaged in that she has been put into jeopardy of losing her employment at La Chosa Grill.

WHEREFORE, the Plaintiff prays for judgment in her favor and against the defendant, CELINDA BENAVIDES, and for the following relief:

A. an order enjoining CELINDA BENEVIDES from contacting La Chosa Grill regarding the Plaintiff;

B. compensatory damages;

C. punitive damages;

D. attorneys' fees, plus costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## COUNT V
### (Invasion of Privacy – False Light – CELINDA BENAVIDES)

50. The Plaintiff hereby re-alleges the foregoing allegations.

51. The statements referenced above are false and/or characterize the Plaintiff in a false light because they impute that she has engaged in, or has a propensity to engage in, criminal conduct when she has not and does not. As such, these statements would be highly offensive to a reasonable person.

WHEREFORE, the Plaintiff prays for judgment in her favor and against the defendant, CELINDA BENAVIDES, and for the following relief:

A. an order enjoining CELINDA BENEVIDES from contacting La Chosa Grill regarding the Plaintiff;

B. compensatory damages in an amount not less than $100,000.00;

C. punitive damages in an amount not less than $200,000.00;

D. attorneys' fees, plus costs of suit and collection; and

E. such further relief as may be fair and just in the premises

## **JURY DEMAND**

The Plaintiff demands trial by jury of all issues set forth herein that are capable of being tried by a jury.

Roy P. Amatore, Esq.  
Paul Luka, Esq.  
AMATORE & ASSOCIATES, P.C.  
120 S. State Street · Suite 400  
Chicago, IL 60603  
312.236.9825 (tel.)

Respectfully submitted,

 /s/Paul Luka  
PAUL LUKA

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue her claims for unpaid wages, and other relief, against TAQUERIA EL NORTE and any other who may have employed her in conjunction with said person (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of herself and all other similarly situated employees, known and unknown.

*Graciela Perez* (signature)
Graciela Perez